IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Lupe Elizondo, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SA Family Help and Hope LLC, and Shawn Sullivan, <br> Defendants. | § § § § § § § § § § § § § Civil Action Number: SA17CA0013 XR <br><br> Collective Action <br><br> Jury Demanded |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Lupe Elizondo ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**"), brings this Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Parties.**

    1.1. Plaintiff is an individual residing in the Western District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit A.

    1.2. The Class Members are other caregivers that were employed by Defendants at any time after January 1, 2015 and were not paid overtime as required by the FLSA.

    1.3. SA Family Help and Hope LLC ("**SA Family Help**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the

FLSA. Defendant SA Family Help's office address is 25023 Summit Crk., San Antonio, Texas 78258.

1.4. Upon information and belief, Shawn Sullivan ("Sullivan") is an individual and a Texas resident residing in the Western District of Texas. Sullivan can be served at 25023 Summit Crk., San Antonio, Texas 78258.

## 2. Jurisdiction and Venue.

2.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

2.2. Defendants carry on substantial business in the Western District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

2.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## 3. Coverage.

3.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

3.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). In conferring with Sullivan and SA Family Help, Plaintiff and the Class Members utilize telecommunications equipment that is interstate in nature.

3.5. Sullivan had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Sullivan had operational control of significant aspects of SA Family Help's day-to-day functions and independently exercised control over the work environment. Sullivan had direct involvement in the day-to-day operation of SA Family Help and had some direct responsibility for the supervision of the employees. Sullivan set work schedules and made work assignments.

3.6. Sullivan: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

3.7. Sullivan acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

3.8. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3.9. Plaintiff was employed by Defendants within the applicable statute of limitations.

4. **Factual Allegations.**

    4.1. SA Family Help is a home care agency or other third party employer. Sullivan is the founder and owner of SA Family Help. Sullivan is considered an "employer" under the FLSA because of, among other things, his operational control over SA Family Help.

    4.2. Plaintiff worked for Defendants as a caregiver. Plaintiff provided caretaking services for Defendants' elderly and infirm clients.

    4.3. Plaintiff's job responsibilities consisted of providing caretaking services to clients of Defendants.

    4.4. Plaintiff was paid on an hourly basis.

    4.5. Plaintiff regularly worked 12-shifts at least 6 days a week.

    4.6. Plaintiff and the Class Members regularly worked in excess of 40 hours a week and was paid at the straight-time hourly rate for the hours. Plaintiff was not paid at an overtime rate for any of the hours.

4.7. Defendants did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

4.8. The Department of Labor ("**DOL**") regulations require that beginning January 1, 2015 all caregivers employed by an "agency" be paid overtime under the FLSA. Specifically, effective January 1, 2015, home care agency or other third party employer were/are required to pay at least the federal minimum wage and overtime pay to any direct care worker jointly or solely employed, regardless of the worker's duties.

4.9. Defendants ignored this change in the regulation. As a result, Defendants did not pay overtime as required by the FLSA.

4.10. Additionally, Plaintiff and the Class Members were paid as independent contractors instead of as employees. As a result, Defendants failed to pay Plaintiff and the Class Members at time and one half their regular rate of pay for hours worked in a workweek in excess of forty hours.

4.11. In reality, the alleged independent contractors were/are actually employees of Defendant who performed non-exempt work that is part of the fundamental service provided by Defendant.

4.12. Defendants misclassified Plaintiff and the Class Members as an independent contractor, despite the fact that Plaintiff and the Class Members:

    4.12.1. were not required to possess any advanced skill or knowledge to perform their work for Defendants;

4.12.2. were required by Defendants to perform their job in a particular manner, on which Defendants trained them;

4.12.3. were economically dependent on Defendants;

4.12.4. assisted Defendants in carrying out Defendants' principal business;

4.12.5. were not required to make any substantial financial investment in their employment;

4.12.6. worked for Defendants for extended periods of time;

4.12.7. because of their work schedules, as a practical matter could not accept other employment;

4.12.8. received all assignments and schedules from Defendants; and

4.12.9. were unable to enhance/increase their wages other than by performing additional hourly work.

4.13. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

4.14. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent her in this litigation and has agreed to pay a reasonable fee of its services.

5. **Collective Action Allegations.**

5.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Upon information and belief other caregivers were paid in the same manner as Plaintiff, *i.e.*, as an independent contractor and not as an employee and no statutory overtime pay for hours worked in excess of 40 per

Plaintiff's Original Collective Action Complaint
Page | 6

workweek. The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

5.2. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

5.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

5.4. Defendants' failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

5.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

5.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **5.6.1. All caregivers who worked for SA Family Help any time after January 1, 2015 and who worked in excess of 40 hours in one or more workweeks**

and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.

5.7. Plaintiff brings this action on behalf of similarly situated employees.

5.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

## 6. Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2. During the relevant period, Defendants have violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

6.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

6.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C.

§ 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

## 7. Jury Demand.

7.1. Plaintiff demands a trial by jury herein.

## 8. Relief Sought.

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

8.1.2. An Order requiring Defendants to provide the names, addresses, telephone numbers and email addresses of all potential Class Members;

8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

8.1.5. All unpaid wages and overtime compensation;

8.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

8.1.7. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: _/s/ Chris R. Miltenberger_
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Pro Hac Vice* Application Pending

**Attorney for Plaintiff**